IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ERICK BALCAZAR (24)
CEDRICK HILL (27)

Defendants.

CRIMINAL ACTION FILE NO.

1:16-CR-427-AT-JKL

## NON-FINAL REPORT AND RECOMMENDATION

This Report and Recommendation addresses Defendant Erick Balcazar's Motion to Suppress Evidence Collected Pursuant to the Stored Communications Act [Doc. 703] and Defendant Cedrick Hill's Motion to Suppress Historical Cell-Site Evidence (*Carpenter* Motion) [Doc. 789]. For the reasons that follow, it is **RECOMMENDED** that the motions be **DENIED**.

During the course of the investigation of this case, the government obtained historical cell site data from Balcazar's cell phone provider, Sprint, for the periods of (1) September 28 to October 3, 2016, and (2) November 4 to November 6, 2016, pursuant to court orders issued on or about October 26, 2016 and November 10, 2016. [*See* Doc. 703 (summarizing applications and orders).] On November 10, 2016 and December 16, 2016, the government obtained similar orders for historic

cell site data relating to Hill.  [*See* Doc. 789 at 1-2.]  Balcazar and Hill now move to suppress the data under *Carpenter v. United States*, 138 S. Ct. 2206 (2018), on the grounds that the government was required to obtain a warrant to seize the information.  [Doc. 703 at 1-2; Doc. 789 at 1-3.]

On June 22, 2018, the Supreme Court issued its decision in *Carpenter*, holding that the acquisition of historical cell site information from a cellular service provider constitutes a search within the meaning of the Fourth Amendment, and thus, law enforcement must normally obtain a warrant supported by probable cause to obtain such records.  *Carpenter*, 138 S. Ct. at 2220-21.  Shortly after *Carpenter* came down, the Eleventh Circuit, relying on *United States v. Leon*, 468 U.S. 897, 922 (1984), applied the good-faith exception to the exclusionary rule to hold that historical cell site records that the government obtained using an order before *Carpenter* was issued were not subject to suppression.  *United States v. Joyner*, 899 F.3d 1199, 1205 (11th Cir. 2018).

The orders that Balcazar and Hill challenge pre-date *Carpenter* by at least a year-and-a-half.  At that time, the law in this Circuit was that communications records obtained under the Stored Communications Act could be obtained by court order without a search warrant.  *See United States v. Davi*s, 785 F.3d 498, 511 (11th

2

Cir. 2015) (*en banc*) (holding that "the government's obtaining a § 2703(d) court order for the production of [defendant's telephone company's] business records did not violate the Fourth Amendment").  Balcazar and Hill present no argument to suggest that the orders were invalid at the time they were entered, much less that the good faith exception to the exclusionary rule should not apply here.  Accordingly, the Court concludes that the good-faith exception to the exclusionary rule applies and **RECOMMENDS** that Balcazar's and Hill's motions to suppress historical cell site data be **DENIED**.  [Docs. 703, 789.]

There are no further pretrial matters pending before the undersigned for Defendant Balcazar or Defendant Hill, and I have not been advised of any impediment to the scheduling of a trial as to them.[1]  Accordingly, this matter as to Defendant Balcazar (24) and Defendant Hill (27) is **CERTIFIED READY FOR TRIAL**.[2]

---

[1] Balcazar's Motion to Sever Defendant has been referred to the District Judge.  [Doc. 612.]

[2] Since matters pertaining to Balcazar and Hill's codefendants remain pending before the undersigned, the District Court is not required to place their cases on the trial calendar at this time.  18 U.S.C. § 3161(h)(6).

3

**IT IS SO RECOMMENDED** this 1st day of August, 2019.

JOHN K. LARKINS III
United States Magistrate Judge